IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JERMAINE MARQUETTE MYERS       §
                               §
          Petitioner,          §
                               §
VS.                            §
                               §        NO. 3-06-CV-1947-D
                               §
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
                               §
          Respondent.          §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Jermaine Marquette Myers, appearing *pro se*, has filed an application for writ of

habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should

be dismissed in part and denied in part.

I.

On June 4, 2004, petitioner pled guilty to assaulting a family member or a member of his

household. Punishment, enhanced by a prior domestic violence conviction, was assessed at 10 years

confinement, probated for two years, and a $500 fine. While on probation, petitioner was charged

with illegal possession of a firearm, causing bodily injury during the commission of a theft, and

giving false information to a police officer, all in violation of the conditions of his release. The state

also accused petitioner of failing to report to his probation officer, failing to pay probation fees,

failing to perform community service, and failing to attend mandatory counseling sessions.

Following a hearing on August 4, 2005, the trial court revoked petitioner's probation and sentenced

him to six years confinement. No appeal was taken. Instead, petitioner filed an application for state

post-conviction relief. The application was denied without written order. *Ex parte Myers*, No. 64,225-01 (Tex. Crim. App. Oct. 4, 2006). Petitioner then filed this action in federal district court.

II.

In two broad grounds for relief, petitioner contends that: (1) his assault conviction was illegally enhanced to a second-degree felony; and (2) his probation was improperly revoked.

Respondent counters that all claims relating to petitioner's original conviction and sentence are barred by limitations and that any claims relating to his probation revocation are without merit. The court will address the limitations issue first.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

Petitioner pled guilty to assaulting a family member or a member of his household, enhanced by a prior domestic violence conviction, and was sentenced to 10 years confinement, probated for two years. Judgment was entered on June 4, 2004 and no appeal was taken. Therefore, petitioner's conviction became final for limitations purposes 30 days thereafter on July 5, 2004.[1] TEX. R. APP. P. 26.2(a) (notice of appeal in criminal case must be filed within 30 days after sentence is imposed); *see also Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005), *cert. denied*, 127 S.Ct. 431 (2006) (order placing defendant on probation or deferred adjudication community supervision is a final judgment for purposes of the AEDPA statute of limitations). Petitioner did not collaterally attack his conviction and sentence until December 21, 2005 when he filed a state writ of habeas corpus. The writ was denied on October 4, 2006. Petitioner filed this action in federal court on October 16, 2006.

In an attempt to justify the 17-month delay in seeking state post-conviction relief, petitioner argues that he was not "in custody" while on probation and therefore is entitled to statutory tolling of the AEDPA limitations period. (*See* Pet. Resp. at 1). Petitioner misunderstands the "in custody" requirement. It is well-settled that a person on probation is "in custody" for purposes of the federal habeas statute. *See, e.g. Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285

---

[1] The 30th day after judgment was entered fell on July 4, 2004, a state holiday. As a result, petitioner had until the next business day, July 5, 2004, to file a notice of appeal. *See* TEX. R. APP. P. 4.1(a).

(1963); *Clark v. Prichard*, 812 F.2d 991, 997 (5th Cir. 1987) (Hill, J., concurring). "While a probationer is not physically imprisoned, a condition of probation significantly restricts a probationer's otherwise apparent freedom." *Clark*, 812 F.2d at 997. The probationer remains subject to court supervision throughout the term of probation and may be imprisoned if he violates the conditions of probation. *Id.* With respect to the AEDPA statute of limitations, the Fifth Circuit has held that the one-year limitations period for challenging substantive issues relating to a judgment of probation begins to run when the judgment imposing probation becomes final. *Caldwell*, 429 F.3d at 530. In this case, that occurred on July 5, 2004--more than one year before petitioner sought state or federal habeas relief

Petitioner further argues that he is entitled to equitable tolling because he was unaware of the AEDPA limitations period, he is not represented by counsel, he received an illegal sentence, and he is innocent. None of these explanations constitute "rare and exceptional circumstances" sufficient to toll the statute of limitations. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000) (ignorance of law, *pro se* status, and claim of actual innocence held insufficient to toll statute of limitations); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000), *quoting Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) (equitable tolling is warranted only "where the plaintiff is actively misled by the defendant . . . or prevented in some extraordinary way from asserting his rights."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S.Ct. 504 (1999) (unfamiliarity with legal process, illiteracy, and lack of representation do not merit equitable tolling). Without a basis for statutory or equitable tolling of the AEDPA limitations period, all claims relating to petitioner's original conviction and sentence should be dismissed.

B.

Petitioner also challenges his probation revocation on the grounds that: (1) he was never convicted of illegally possessing a firearm; and (2) his probation became inactive when a revocation warrant was issued, thereby making it unnecessary for him to report to his probation officer or pay probation fees.[2]  These claims, which implicate the probation revocation order entered on August 4, 2005, are not barred by limitations and will be considered on the merits.

1.

The AEDPA establishes the standard of review in federal habeas cases.  *See* Pub.L. 104-132, 110 Stat. 1214 (1996).  Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d

---

[2] In addition to these two arguments, respondent believes that petitioner is challenging his probation revocation on the ground that he is actually innocent of illegally possessing a firearm. (*See* Resp. Ans. at 3).  The court does not construe the habeas petition to raise such a claim.  However, in the event petitioner intends to make such an argument in his federal writ, respondent correctly notes that this claim was never presented to the Texas Court of Criminal Appeals on state collateral review and that any attempt to do so at this juncture would be futile.  Consequently, petitioner is procedurally barred from seeking federal habeas relief on that ground. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

2.

Under Texas law, a single technical violation of probation, such as failure to report to a probation officer, is sufficient to support a probation revocation decision. *See Sanchez v. State,* 603 S.W.2d 869, 871 (Tex. Crim. App. 1980). This is true even where other reasons given by the trial court for its revocation decision may be invalid. *Id.* As the Texas Court of Criminal Appeals has stated:

> Appellant [] raises other grounds of error but they concern other probation violations used as grounds for revocation. There is one sufficient ground for revocation, the failure to report, and we do not need to address the other contentions raised since the one probation violation will support the court's order to revoke probation.

*Id.*; *see also Hendley v. State,* 783 S.W.2d 750, 752 (Tex. App.–Houston [1st Dist.] 1990, no pet.) (failure to report case); *Marcum v. State,* 983 S.W.2d 762, 766-67 (Tex. App.–Houston [14th Dist.] 1998, pet. ref'd) (failure to report one time held sufficient to support revocation decision).

Even if the trial court improperly based its decision to revoke petitioner's probation on a gun charge that had been dismissed,[3] petitioner's failure to report to his probation officer and pay probation fees were adequate and independent grounds supporting the revocation order. Although petitioner believes that his probation became inactive when a revocation warrant was issued, no authority is cited for that novel proposition. The state habeas court found that petitioner was not entitled to post-conviction relief, thereby implicitly rejecting this argument. That determination is conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002) (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact). Petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut the state court findings. This ground for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. All claims relating to petitioner's original conviction and sentence are time-barred and should be dismissed on limitations grounds. Petitioner's claim that the trial court improperly revoked his probation should be denied.

---

[3] That petitioner was acquitted of illegally possessing a firearm does not mean the trial court could not have revoked his probation based on conduct giving rise to the gun charge. Unlike a criminal trial, probation revocation proceedings are considered administrative in nature and not subject to the reasonable doubt standard. *See Player v. Quarterman,* No. 3-05-CV-2119-N, 2006 WL 2601678 at *3 (N.D. Tex. Sept. 11, 2006) (citing cases). "To warrant revocation, the State need only establish by a preponderance of the evidence that a defendant violated the terms of his probation." *Id.* So long as the probation revocation decision is not "totally devoid of evidentiary support," there is no due process violation. *Id., citing Douglas v. Buder,* 412 U.S. 430, 432, 93 S.Ct. 2199, 2200, 37 L.Ed.2d 52 (1973).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 20, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE